UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MONTANA

| | |
|---|---|
| In re<br><br>**DAVID P KING, JR**,<br><br>    Debtor. | Case No. **11-60514-7** |
| **DAVID P KING, JR**,<br><br>    Plaintiff.<br><br>-vs-<br><br>**FEDERAL NATIONAL MORTGAGE ASSOCIATION**, **ONEWEST BANK, N.A.**, and **LSF9 Master Participation Trust**,<br><br>    Defendants. | Adv No. **16-00030** |

## MEMORANDUM OF DECISION

At Butte in said District this 17th day of January, 2017.

In this adversary proceeding Defendants Federal National Mortgage Association ("FNMA") and OneWest Bank, N.A. ("OneWest Bank") filed on November 28, 2016, a "Revised Motion to Dismiss Plaintiff's Second Amended Complaint" ("Motion") under Fed. R. Civ. P. 12(b)(6) (applicable in adversary proceedings pursuant to F.R.B.P. 7012(b)), seeking dismissal with prejudice based upon alleged Plaintiff's lack of standing and absence of an actual case or controversy. The Plaintiff/Debtor David P. King, Jr. ("King"), filed a response in opposition. A hearing on Defendants' Motion was held at Missoula on January 5, 2017.

1

Plaintiff appeared pro se and made factual statements which he swore under oath are true and correct.  FNMA and OneWest Bank both were represented by attorneys Paul J. Lopach and Cynthia Lowery-Graber of the law firm Bryan Cave LLP, of Denver.  No other testimony or exhibits were admitted.  The Court heard argument and at the conclusion of the hearing took Defendants' Motion to dismiss under advisement.  After review of Defendants' Motion, Plaintiff's second amended complaint, the record and applicable law, this matter is ready for decision.  Based on the statements of Defendants' counsel at the hearing that Defendants do not own or hold the mortgage on Plaintiff's residence, Defendants' Motion will be granted in part and denied in part, and FNMA and OneWest Bank will be dismissed from this adversary proceeding without prejudice.

This Court has jurisdiction of this adversary proceeding under 28 U.S.C. § 1334(b) as it is related to Plaintiff's Chapter 7 bankruptcy.  Plaintiff's second amended complaint avers that this is a core proceeding under 28 U.S.C. §§ 157(b)(2)(B) and (b)(2)(K).  Defendants deny that this Court has jurisdiction because Plaintiff's bankruptcy case was closed and his complaint avers claims based only on state law, but Defendants have filed on December 2, 2016, a notice of consent to entry of final judgment or order by this Court.

The background facts underlying the instant adversary proceeding are simple.  Plaintiff David King took out a construction loan to purchase and construct a log home in Darby, Montana.  The construction was faulty.  King sued the builder and won a jury verdict and a judgment.  The builder filed for bankruptcy relief after the jury verdict.

Meanwhile, the holder of the construction loan note, initially IndyMac Bank, FSB ("IndyMac Bank") assigned the note.  Subsequent assignments of the note and mortgage

occurred. King stated under oath that he cannot find out which entity currently is the owner or holder of his note. Foreclosure proceedings were commenced against King's residence.

King filed a Chapter 13 bankruptcy petition to stay the foreclosure on March 28, 2011, in Case No. 11-60514.[1] In King's Schedule D IndyMac Bank/Onewest Bank is listed as the creditor holding a claim secured by Debtor's residence, on which he claimed a homestead exemption pursuant to Montana law. At the hearing, Debtor could not recall if he had exempted the residence.

King won confirmation of his Chapter 13 Plan and subsequent modifications, each of which proposed to sell his residence in Darby to fund his Plan. However, when King filed a third motion to modify his plan on March 18, 2013, to add more time to sell his residence, OneWest Bank filed an objection.[2] OneWest Bank's objection stated that it "is a secured creditor with a security interest in the Debtor's principal residence located at 149 Elk Trl, Darby, MT 59829[,]" and that it had been more than 2 years since a payment had been made on the loan.

One day after OneWest Bank filed its objection, King voluntarily converted his case to a Chapter 7. A discharge was entered on August 7, 2013. No objection was filed to allowance of King's claim of homestead exemption. A final decree was entered closing the case on August 25, 2014.

Debtor filed a motion to reopen on March 18, 2016, for the purpose of initiating an adversary proceeding. The motion to reopen was granted. King, appearing pro se after the

---

[1] For background purposes, on its own this Court takes judicial notice of the case docket in Case No. 11-60514-7 pursuant to Fed. R. Evid. 201(c).

[2] OneWest Bank's objection is at Document No. 51 in Case No. 11-60514.

3

withdrawal of his attorney, filed requests for notice of lis pendens under 28 U.S.C.A. § 1964. The Court granted King's request for lis pendens after a hearing at which no party objected or appeared in opposition.

King filed his complaint commencing the instant adversary proceeding on May 5, 2016. FNMA filed an answer, and after a pretrial conference, a trial was scheduled to be held beginning March 21, 2017. Subsequently, the parties agreed to vacate pretrial deadlines and the trial dates.

On November 21, 2016, King filed his second amended complaint. The second amended complaint adds as a defendant LSF9 Master Participation Trust ("LSF9"). Paragraph 38 of the second amended complaint avers that King received a "Notice of Sale of Ownership of Mortgage Loan" informing him that his mortgage loan was sold to LSF9. The second amended complaint contains three causes of action asking for declaratory judgments which would state: (1) that various assignments of King's note and trust indenture between Defendants and other entities are invalid and void; (2) that FNMA is absent from any ownership interest in King's note; and (3) that LSF9 is absent from any ownership interest in the note. King requests an award of punitive damages, costs and attorney's fees from OneWest Bank.

At the hearing King stated that he is trying to find out who is the owner or holder of the note on his residence. This Court noted that the matter could easily be resolved if the holder of the note identified itself to King. Counsel for FNMA and OneWest Bank stated on the record at the hearing that FNMA and OneWest Bank do not currently hold or own the note on King's residence. Counsel for Defendants stated that King has been told that LSF9 is the holder of the note, and that his second amended complaint recognizes LSF9's interest; but their concern is that mortgage loans can be transferred multiple times, and King's mortgage loan might in the future

be transferred back to FNMA or OneWest Bank.

## DISCUSSION

The statement of Defendants' counsel at the hearing on January 5, 2017, provides the way forward for deciding Defendants' Revised Motion to dismiss. Defendants do not represent LSF9, which was added to King's second amended complaint in the third cause of action. After the hearing, on January 12, 2017, King filed a request for entry of default against LSF9 for failure to answer the second amended complaint. The Clerk entered a default against LSF9 on January 12, 2017. King has not yet filed a motion for entry of judgment as required before entry of a judgment against LSF9.

Defendants' Motion is based upon Rule 12(b)(6). For a long time in the Ninth Circuit the rule stated that a complaint should not be dismissed for failure to state a claim "unless it appears beyond a doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Evanns v. AT&T Corp.*, 229 F.3d 837, 839 (9th Cir. 2000); *Wright v. Riveland*, 219 F.3d 905, 912 (9th Cir. 2000).

A district court explained:

> During this threshold review, "[t]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *overrruled on other grounds*, *Davis v. Scherer*, 468 U.S. 183 (1984). Moreover, the court must accept PaineWebber's factual allegations as true, liberally construing the complaint and drawing all reasonable inferences in PaineWebber's favor. [*Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99 (1957)]; *Walleri v. Federal Home Loan Bank of Seattle*, 83 F.3d 1575, 1580 (9th Cir.1996).

*PaineWebber Inc. v. Banyan Corp.*, 2000 WL 1132095, *2 (D. Or.)

The United States Supreme Court explained a more recent applicable "plausibility

standard" under Rule 12(b)(6) as follows:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)].  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*, at 556, 127 S.Ct. 1955.  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.  *Ibid.*  Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id.*, at 557, 127 S.Ct. 1955 (brackets omitted).
>
> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.  *Id.*, at 555, 127 S.Ct. 1955 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted)).  Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.  Second, only a complaint that states a plausible claim for relief survives a motion to dismiss.  *Id.*, at 556, 127 S.Ct. 1955.  Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  490 F.3d, at 157–158.  But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).
>
> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *see also Cafasso, U.S. ex rel. v. Gen. Dynamics*

*C4 Systems, Inc.*, 637 F.3d 1047, 1054-55 (9th Cir. 2011).

The Ninth Circuit later explained:

> [W]e begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.  We disregard threadbare recitals of elements of a cause of action, supported by mere conclusory statements. After eliminating such unsupported legal conclusions, we identify well-pleaded factual allegations, which we assume to be true, and then determine whether they plausibly give rise to an entitlement to relief.  To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face; that is, plaintiff must plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

[*Telesaurus VPC, LLC v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010)] (citations, alterations and internal quotation marks omitted); *see Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).

*Alvarez v. Chevron Corp.*, 656 F.3d 925, 930-31 (9th Cir. 2011) (quoting *Telesaurus*).

Later in *Levitt v. Yelp! Inc.*, 765 F.3d 1123, 1135 (9th Cir. 2014), quoting *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011), the Ninth Circuit settled on a two-step process for evaluating pleadings:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

Before applying these steps, the Court notes that King is pro se.  Courts have a duty to construe pro se pleadings liberally, including pro se motions as well as complaints.  *Bernhardt v. L.A. Cty.*, 339 F.3d 920, 925 (9th Cir. 2003).  On the other hand, this Court has "no obligation to

7

act as counsel or paralegal to pro se litigants." *Pliler v. Ford*, 542 U.S. 225, 231, 124 S.Ct. 2441, 159 L.Ed.2d 338 (2004); *see also Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) ("courts should not have to serve as advocates for pro se litigants").

Defendants move to dismiss for lack of standing, citing *Paatalo v. J.P. Morgan Chase Bank, N.A.*, 2012 WL 2505742, at *7 (D. Mont. June 28, 2012) where the court wrote: "To the extent that Paatalo challenges the validity of the various assignments, purchase agreements, and pooling or servicing agreements, this Court concludes, as many courts have previously held, that a borrower does not have standing to challenge assignments and agreements to which it is not a party." The first and second causes of action in Plaintiff's second amended complaint challenge the validity of various assignments involving FNMA and OneWest Bank. Under the above-quoted law from *Paatalo*, King does not have standing to challenge the validity of those assignments.

The standing requirement cuts both ways, however. FNMA and OneWest have no standing with respect to King's claims against LSF9, particularly under Plaintiff's third cause of action. Yet, their Motion seeks dismissal of the entire adversary proceeding with prejudice, when Plaintiff has gained a default against LSF9.

At the hearing King stated that he cannot determine who or what entity legally owns or holds the note and mortgage on his residence. He testified that he is able and willing to make payments and cure his default, but he cannot find out who to pay. This Court is obligated to construe this pro se Plaintiff's pleadings liberally. *Bernhardt v. L.A. Cty.*, 339 F.3d at 925.

Counsel for FNMA and OneWest Bank stated on the record that they are not the owner or holder of the notes secured by Plaintiff's residence. Based on that representation to the Court,

8

made by counsel as an officer of the court and under the professional responsibility of candor to the Court, this Court concludes that no case or controversy exists between Plaintiff and Defendants FNMA and OneWest Bank.  FNMA and OneWest Bank have made what this Court accepts in its discretion as a judicial admission that they are not owners or holders of the note and/or mortgage against King's residence.  *See Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997); *see also Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 690-91 (9th Cir. 2006), citing *Singer*.

    The Court further notes, however, that in *Telesaurus* the court concluded that the district court abused its discretion by granting a Rule 12(b)(6) motion to dismiss while denying leave to amend a complaint.  623 F.3d at 1006.  Defendants' Motion to Dismiss cannot be granted with respect to Plaintiff's claims against LSF9, a different party against which the Plaintiff has earned entry of a default.  In addition, since counsel for FNMA and OneWest Bank attempted to clarify their judicial admission that they are not owners or holders of the note secured by King's residence, by expressing their concern that King's mortgage loan might in the future be transferred back to FNMA or OneWest Bank, this Court declines to dismiss Plaintiff's second amended complaint's claims against them with prejudice.  Prior to dismissal with prejudice, the Court would be obligated to consider giving King leave to amend.  If FNMA or OneWest reacquires King's mortgage loan, the Court would entertain such a motion.

    King's expressed intention in this adversary proceeding voiced at the hearing is to learn the identity of the entity which holds and owns the note secured by his residence, so he knows who to pay.  It is unjust, in this Court's view, for mortgagees to play a shell game with homeowners by assigning notes and mortgages back and forth between themselves without

keeping the homeowner informed about where he or she needs to send the required mortgage payment. To keep a borrower informed, and to prove that the borrower has received adequate notice, is neither complicated nor unduly burdensome.

**IT IS ORDERED** a separate Order shall be entered granting in part and denying in part Defendants' Revised Motion to Dismiss (Document No. 41); Defendants FNMA and OneWest Bank will be dismissed as Defendants under all three causes of action set forth in Plaintiff's Second Amended Complaint in this adversary proceeding, without prejudice in the event they reacquire the note and/or trust indenture on Plaintiff's residence; Defendants' Motion to Dismiss is denied with respect to Plaintiff's third cause of action against LSF9 Master Participation Trust.

_____
Honorable Ralph B. Kirscher
Chief U.S. Bankruptcy Judge